TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-0142
    E-mail: Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> REAL PROPERTY LOCATED IN MALIBU, CALIFORNIA, <br><br> Defendant. | NO. 2:21-cv-4569 <br><br> <u>VERIFIED COMPLAINT FOR FORFEITURE</u> <br><br> 18 U.S.C. § 981(a)(1)(A) & (C) <br><br> [I.R.S.] |

The United States of America brings this claim against the defendant Real Property Located in Malibu, California, and alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

2. This court has jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

**PERSONS AND ENTITIES**

4. The plaintiff is the United States of America.

5. The defendant is a Real Property Located in Malibu, California (the "Defendant Property")[1]. The Assessor's Parcel Number for the Defendant Property is 4453-033-006. The legal description of the Defendant Property is as follows:

> Real property in the unincorporated area of the County of Los Angeles, State of California, described as follows:
> Lot 58[2] of Tract No. 30203, in the County of Los Angeles, State of California, as per map recorded in book 867 pages 80 through 86 of maps, in the office of the County Recorder of said county. Except therefrom 1/8th of all oil, petroleum, gas, coal, asphaltum and other hydrocarbon substances and other minerals under and in said land without the right to go upon said land to take or extract said substances, as reserved by Edmund M. Mc Cray and Elisabeth Gordon-Mc Cray, husband and wife, in deed recorded May 26, 1965 as Instrument No. 1406 Official Records. Also except 1/8th of all oil, petroleum, gas, coal, asphaltum and other hydrocarbon substances and other minerals under and in said land without the right to go upon said land to take or

---

[1] Pursuant to Local Rule 5.2-1 of the Local Civil Rules for the Central District of California, only the city and state of residential addresses are set forth in this Complaint.

[2] A grant deed conveying the Defendant Property to Melvin Huges, Trustee of the Bandele Trust dated November 13, 2019, erroneously identified the parcel as lot #55, but identified the correct property address and APN for the Defendant Property.

2

>> extract said substances, as reserved by Peter Baley, in deed recorded March 25, 1971 as Instrument No. 3441, Official Records.
>
> Also except 1/8th of all oil, gas, coal, petroleum, asphaltum and other hydrocarbon substances and other minerals under and in said land without the right to go upon said land to take or extract said substances, as reserved by Arlene Lemay (Thompson), in deed recorded July 14, 1971 as Instrument No. 2324, Official Records.

6. Title to the Defendant Property purports to be in the name of Patricia Morris and The Modupe Trust.[3]

7. The interests of Melvin Huges ("Huges"), Patricia Morris, the Modupe Trust, and the Bandele Trust ("Bandele") may be adversely affected by these proceedings.

**BASIS FOR FORFEITURE**

8. The Internal Revenue Service ("IRS") is responsible for investigating fraudulent tax refund schemes, including those involving fraudulently-filed tax returns.

*The Fraudulent Returns Scheme*

9. The IRS Scheme Development Center ("IRS-SDC") identifies potentially-fraudulent tax returns based on a review of IRS tax record databases, including records stored on the IRS Integrated Data Retrieval System ("IDRS"). The IDRS system maintains data regarding all returns filed with the IRS, including information regarding the

---

[3] A quitclaim grant deed executed in or about June of 2020 purported to transfer the Defendant Property to Patricia Morris and The Modupe Trust for no apparent consideration, but erroneously identified the parcel as lot #55, and appears to have been recorded under an incorrect lot number.

3

amount of income, deductions, withholdings, tax liabilities and/or tax refunds claimed on each return, as well as information regarding the listed tax-preparer for each return.

10. The IRS-SDC identified one such fraudulent return scheme operating between at least 2018 through 2020. The scheme perpetrators (hereinafter the "Schemers") submitted, both electronically and by mail, more than twenty fraudulent tax returns which claimed at least $210,166,675 in refunds (the "False Returns").

11. Twenty-two of the False Returns filed by the Schemers, as well as the IRS transcripts summarizing the relevant income, tax liabilities, withholdings, and refunds claimed for all of these returns, were reviewed by IRS agents. Each of these False Returns was accompanied by one or more fraudulent IRS Forms 1099[4] which indicated that the filer had received a large amount of interest income, and that virtually all of that interest income had been withheld and paid over to the IRS (the "Withheld Income"). Accordingly, these False Returns created the fraudulent impression that, due to the Withheld Income, the IRS owed a large amount of money to the filer.

12. The fraudulent Forms 1099 submitted to the IRS as part of this underlying scheme generally indicated that the "Payers" of the Withheld Income were large financial institutions, such as banks, mortgage companies, credit card companies, and insurance companies, or credit-issuing companies such as PayPal and Tesla.

---

[4] IRS Form 1099 comes in a variety of subtypes, but all are used to record and report miscellaneous income. Form 1099 is commonly used by taxpayers to provide information to the IRS about different types of income received throughout the year outside of regular salary.

4

1  13. In fact, the Withheld Income was entirely fictitious, and the IRS actually owed nothing to the Schemers. A comparison of the Withheld Income claimed on the False Returns with IRS records of amounts of actually withheld income, as reported and submitted to the IRS by the third-parties referenced on the False Returns, showed that the withholding amounts claimed on these False Returns were entirely fabricated and the Withheld Income was never actually withheld or paid over to the IRS.

14. As a direct result of the False Returns, the IRS deposited approximately $13,763,934.23 in fraudulent tax refunds into bank accounts controlled by the Schemers (the "Schemer Bank Accounts"). Funds from the Schemer Bank Accounts were then used to purchase, among other assets, the Defendant Property.

*Huges Submits Two False Returns Claiming Approximately $6,285,018.18*

15. Huges was a principal orchestrator of the above-described scheme to file the False Returns.

16. Huges established Bandele on or about April 24, 2016.

17. As part of the above-described scheme, Huges caused False Returns to be filed on behalf of Bandele for tax years 2016 and 2017 (the "Bandele False Returns").

18. On or about June 6, 2019, Huges caused a false 2016 Form 1041[5] to be filed on behalf of Bandele, which claimed falsified withholding tax credits of at least $5,709,941. In support of the claimed withholdings, the 2016 Form 1041 included the following attachments:

   a) A Form 1099-K purportedly from "PAY PALL" reporting

---

[5] IRS Form 1041 is the U.S. Income Tax Returns for Estates and Trusts.

5

1  $178,281.70 in federal income tax withholdings;

2          b)   A Form 1099-B purportedly from "PAY PAL" reporting
3  $1,604,535.30 in federal income tax withholdings;

4          c)   A Form 1099-K purportedly from "MASTER CARD" reporting
5  $178,281.70 in federal income tax withholdings;

6          d)   A Form 1099-B purportedly from "US BANK CORP"
7  reporting $215,364.60 in federal income tax withholdings;

8          e)   A Form 1099-K purportedly from "VISA INC" reporting
9  $23,929.40 in federal income tax withholdings;

10         f)   A Form 1099-K purportedly from "US BANK CORP"
11 reporting $23,929.40 in federal income tax withholdings;

12         g)   A Form 1099-B purportedly from "CITI BANK" reporting
13 $3,165,836.50 in federal income tax withholdings;

14         h)   A Form 1099-K purportedly from "CITI BANK" reporting
15 $319,781.50 in federal income tax withholdings; and

16         i)   A Form 1099-K purportedly from "VISA INC" reporting
17 $319,781.50[6] in federal income tax withholdings.

18    19.  Bandele's 2016 Form 1041 was submitted electronically, and
19 attached a purported letter and confirmation of postage, signed by
20 Huges, addressed to the Chief Executive Officer of the "Office of PAY
21 PAL (payer)" demanding that the company file a 1099-OID on behalf of
22 Huges and/or his estate.

---

[6] The total withholdings reported on the attachments included with the 2016 Form 1041 filed on behalf of Bandele exceed the withholdings claimed on the Form 1041.  Specifically, the attachments included with the return report total withholdings of $6,029,721.60 while the tax return itself reports only $5,709,941 in withholdings. The discrepancy appears to have been caused by Huges excluding one of the K-1 forms in the amount of $319,781.50 from his computations.

20. In fact, Bandele's 2016 Form 1041 and the Form 1099s accompanying it were materially false, in that the IRS did not receive any of the amounts claimed as Federal income tax withheld on the Form 1099s accompanying this return.

21. The Bandele 2016 Form 1041 resulted in the issuance of United States Treasury check number 4038-77460702, in the amount of $5,778,234.78, which included interest paid by the IRS of $68,293.78.

22. On or about July 1, 2019, Huges caused a false 2017 Form 1041 to be filed on behalf of Bandele, which claimed falsified withholding tax credits of at least $502,842. In support of the claimed tax withholdings, the 2017 Form 1041 included the following attachments:

    a) A 2017 Form 1099-K, purportedly from "VISA," reporting $251,420.76 in federal income tax withholdings;

    b) A 2017 Form 1099-B, purportedly from "US BANK CORP," reporting $251,420.76 in federal income tax withholdings; and

    c) A 2017 Form 1099-OID, purportedly from "US BANK CORP," reporting $251,420.76 in federal income tax withholdings.[7]

23. Bandele's 2017 Form 1041 was submitted electronically, and attached an IRS Form 2848,[8] signed by Huges.

---

[7] The total withholdings reported on the attachments included with the 2017 Form 1041 filed on behalf of Bandele exceed the withholdings claimed on the Form 1041. Specifically, the attachments included with the return report total withholdings of $754,262.28, while the tax return itself reports only $502,842 in withholdings. The discrepancy appears to have been caused by Huges excluding one of the K-1 forms in the amount of $251,420.76 from his computations.

[8] The IRS Form 2848 is Power of Attorney and Declaration of Representative.

7

24. In fact, Bandele's 2017 Form 1041 and the Form 1099s accompanying it were materially false, in that the IRS did not receive any of the amounts claimed as Federal income tax withheld on the Form 1099s accompanying this return.

25. The Bandele 2017 Form 1041 resulted in the issuance of United States Treasury check number 4038-77460703, in the amount of $506,783.40, which included interest paid by the IRS of $3,941.40.

26. In total, the Bandele False Returns led to the issuance of treasury checks in the amount of $6,285,018.18.

*The Defendant Property is Traceable to the Bandele False Returns*

27. The United States Treasury checks representing the refunds generated by the Bandele False Returns were deposited into JPMorgan Chase Checking account ending in 0968 ("Chase Account x0968"). Specifically:

   a) United States Treasury check number 4038-77460703 for $506,783.40 was deposited into Chase Account x0968 on or about October 7, 2019; and

   b) United States Treasury check number 4038-77460702 for $5,778,234.78 was deposited into Chase Account x0968 on or about October 9, 2019.

28. These deposits of the refunds generated by the Bandele False Returns totaled $6,285,018.18.

29. The Chase Account x0968 was in the name of Bandele Trust EIN 98-1360754, Melvin L Huges Trustee.

30. Prior to these deposits, as of October 3, 2019, the balance in Chase Account x0968 was $13,106.96.

31. On or about October 23, 2019, Huges caused the transfer of $5,079,411.52 from Chase Account x0968 to JPMorgan Chase Savings

account ending in 5878 ("Chase Account x5878"), in the name of "Bandele Trust, Melvin Louis Huges Trustee."

32. Prior to this transfer, the balance in Chase Account x5878 was $0.00. This account was opened on October 5, 2019.

33. The Defendant Property was purchased in full for $1,840,000.00, using the funds transferred from Chase Account x5878, as follows:

    a) On or about November 7, 2019, $55,000.00 was wire transferred from Chase Account x5878 to West Coast Escrow, Escrow Number 4510819-0, towards the purchase of the Defendant Property; and

    b) On or about November 20, 2019, $1,791,700.00 was wire transferred from Chase Account x5878 to West Coast Escrow, Escrow Number 4510819-0, as payment for the remaining balance due for the Defendant Property.

### FIRST CLAIM FOR RELIEF

34. Based on the foregoing, the government alleges that the Defendant Property constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 641 (theft of public money), 1341 (mail fraud) and 1343 (wire fraud), which are specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1). The Defendant Property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

### SECOND CLAIM FOR RELIEF

35. Based on the foregoing, the government alleges that the Defendant Property constitutes property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1957 (Money Laundering – engaging in a monetary transaction with criminally derived funds), or property traceable to such property,

with the specified unlawful activity being violations of 18 U.S.C. §§ 641, 1341, 1343. The Defendant Property is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, plaintiff United States of America prays:

a. that due process issue to enforce the forfeiture of the Defendant Property;

b. that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

c. that this court decree forfeiture of the Defendant Property to the United States of America for disposition according to law; and

d. for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: June 3, 2021

TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

　　*/s/ Dan G. Boyle*
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

VERIFICATION

I, Kathleen Alexander, hereby declare that:

1. I am a Special Agent of the United States Internal Revenue Service – Criminal Investigation ("IRS-CI") and the case agent for the forfeiture matter entitled *United States of America v. Real Property Located in Malibu, California.*

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed June 1, 2021 in Long Beach, California.

*K Alexander*
Kathleen Alexander
Special Agent
IRS-CI

11