E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
DAN G. BOYLE (Cal Bar No. 332518)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-0142
    E-mail: Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-CV-04569-JAK-KS |
|---|---|
| Plaintiff, | OPPOSITION TO MOTION FOR SUMMARY ADJUDICATION; MEMORANDUM OF POINTS OF AUTHORITIES |
| v. | |
| REAL PROPERTY LOCATED IN MALIBU, CALIFORNIA, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Dan G. Boyle, hereby files its Opposition to Movant Melvin Huges' Motion for Summary Adjudication in this action (the "Motion"). See ECF No. 33.

//

This Opposition is based upon the attached Memorandum of Points and Authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 14, 2023        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant U.S. Attorney
Chief, Asset Forfeiture and
Recovery Section

         /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff United States of America ("Plaintiff" or the "government") respectfully submits this memorandum of points and authorities in opposition to the Motion for Summary Adjudication of Melvin Louis Huges ("Huges") filed on September 7, 2023. ECF No. 33.

As detailed herein, Huges is not a claimant in this action and has no standing to contest forfeiture, and even if he did, his proffered basis for the Motion is frivolous. Furthermore, Huges plainly did not comply with either the Local Rules or this Court's individual Practices in filing the Motion, so the Court is empowered the strike the Motion in the alternative.

**II.   STATEMENT OF FACTS**

The Court is familiar with the facts of this action, and the government summarizes the facts only briefly here, as relevant.

The Verified Complaint for Forfeiture here alleges, in substance, that Huges and co-schemers submitted numerous fraudulent tax returns which claimed refunds of millions of dollars in purportedly withheld income. See ECF No. 1 (Verified Complaint for Forfeiture, hereinafter the "Complaint" or "Compl."), at ¶ 10-11. In fact, the returns filed by Huges and his co-schemers were entirely and materially false, because this purportedly withheld income was fictitious: no such income had actually been withheld, and Huges and his co-schemers were not owed any corresponding refunds. See Compl. ¶ 13. The United States Department of the Treasury issued refund checks based on some of these false returns, and a portion of these fraudulent proceeds were used to purchase the Defendant Property in this action. See Compl. ¶¶ 4, 31-33

On June 3, 2021, the United States filed the instant action, seeking forfeiture of the Defendant Property pursuant to 18 U.S.C. § 981(a)(1)(A)&(C), on the grounds that the property was derived from, or involved in, violations of 18 U.S.C. §§ 641, 1341, 1343, and/or 1957. See Compl. ¶ 34-35.

On August 6, 2021, Huges filed a purported "counterclaim" against the government (ECF No. 10), to which the government responded on August 27, 2021. See ECF No. 11.

Neither Huges nor any other party filed a claim or answer. On September 24, 2021, the government applied for a default with the Clerk of Court (ECF No. 16), which was granted on September 27, 2021. See ECF No. 17. On December 9, 2021, the government moved this Court for default against the interests of Huges and any and all other potential claimants, and attached the proofs of service by mailings described above. See ECF Nos. 19, 20. On July 13, 2023, the Court issued a default judgment against the Defendant Property. See ECF No. 26.

On September 7, 2023, Movant file the instant Motion, purportedly seeking "Summary Adjudication." ECF No. 33. On September 12, 2023, the Court ordered the government to respond to the Motion by September 15, 2023. See ECF No. 35.

**III. ARGUMENT**

The Court should deny Huges' Motion for any of four independent reasons:

First, Huges cannot file a motion seeking summary judgment in this action, because he is not a claimant. Huges has never filed a claim, and in a civil forfeiture action, the defendant is the property and a claimant intervenes in that action by the filing of a

2

1 claim. United States v. One-Sixth Share, 326 F.3d 36, 40 (1st Cir.
2 2003) ("Because civil forfeiture is an in rem proceeding, the
3 property subject to forfeiture is the defendant. Thus, defenses
4 against the forfeiture can be brought only by third parties, who must
5 intervene."). The required contents of a claim are defined in
6 Supplemental Rule G(5)(a)(i) to the Federal Rules of Civil Procedure,
7 and failure to follow Rule G's requirements is grounds to strike. See
8 Supp. Rule G(8)(c)(i)(A)(government may move to strike for "fail[ure]
9 to comply with Rule G(5)"). Huges cannot evade the requirements of
10 Rule G by simply failing to file a claim, and then litigating as a
11 stranger to this action.

12 Second, any interest Huges has been defaulted and has not moved
13 to vacate that default. As detailed in the government's previously-
14 filed opposition to the Modupe Trust's motion to vacate the default
15 judgment here (see ECF No. 32), setting aside a default judgment
16 requires a showing of good cause by the movant, including that "the
17 defendant has a meritorious defense." Franchise Holding II, LLC v.
18 Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir.
19 2004). Huges has not denied the allegations of criminal activity
20 against him in the Complaint, and certainly has not offered a
21 colorable defense to these allegations. He cannot seek to evade the
22 Court's default judgment without moving to vacate the default, and
23 meeting the required standard.

24 Third, while styled as a motion for summary adjudication, the
25 relief requested in the Motion ("Claimant respectfully requests that
26 the Court vacate this case" (Mot. at 3)) is plainly dismissal. But
27 pursuant to Rule G(8)(b)(i), only a "[a] claimant who establishes
28 standing to contest forfeiture may move to dismiss the action." Even

if Huges had filed a claim, **by his own admissions he cannot possibly have standing to contest forfeiture**, because he affirmatively represents in his Motion that "I swear under penalty of perjury that I have no legal interest at real property 23301 W. Pompano Malibu CA. 91710." Mot. at 22 (Huges Aff. ¶ 5). A putative-claimant who disclaims any interest in the defendant property cannot oppose forfeiture. See United States v. $133,420.00 in U.S. Currency, 672 F.3d 629, 637 (9th Cir. 2012)("Claimants in civil forfeiture actions can satisfy [Article III] by showing that they have a colorable interest in the property, which includes an ownership interest or a possessory interest" (internal citation omitted)); see also United States v. Real Prop. Located at 5208 Los Franciscos Way, Los Angeles, Cal., 385 F.3d 1187, 1193 (9th Cir. 2004) ("The substantive merits of the government's forfeiture action—whatever they may be—cannot be challenged by a claimant lacking a sufficient interest in the defendant property to confer Article III standing"). The Court need not consider a motion by a defaulted party that cannot possibly have standing to contest forfeiture here.

Fourth and finally, even if Huges had filed a claim, had standing, and had moved to vacate the default, his Motion would still be frivolous. As base, Huges contends that this action should be dismissed because, in separate correspondence, IRS agents may have spelled his last name wrong. He does not – and cannot – contend that his name has been misspelled in this action, and even a cursory review of the Complaint shows that his name is spelled "Huges" in relevant portions. See e.g.,Compl. ¶ 7 ("The interests of Melvin Huges ("Huges"), Patricia Morris, the Modupe Trust, and the Bandele Trust ("Bandele") may be adversely affected by these proceedings.").

4

Huges offers no authority for dismissing a complaint based on misidentification in documents ancillary to the litigation, nor would any such authority be persuasive; Huges plainly was identified as a party to be noticed and actually had notice of this action. Huges has not been misidentified, and even if he had, he has received sufficient notice to allow him to defend whatever interest he may or may not have had in the defendant property.

**IV. CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that this Court deny Huges' Motion for Summary Adjudication, or alternately, enter an order striking the Motion.

Dated: September 14, 2023          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant U.S. Attorney
Chief, Asset Forfeiture and
Recovery Section

      /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA