UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV21-04569 JAK (KLSx) | Date | October 2, 2023 |
| Title | United States of America v. Real Property Located in Malibu, California | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) ORDER RE CLAIMANT MORRIS'S MOTION TO VACATE DEFAULT JUDGMENT (DKT. 29); AND

CLAIMANT HUGES'S MOTION FOR SUMMARY ADJUDICATION (DKT. 33)

**I.    Introduction**

On June 3, 2021, the United States ("Plaintiff" or "Government") initiated this civil forfeiture action, seeking to effect the forfeiture of Real Property located in Malibu, California (the "Defendant Property") pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C). Dkt. 1 ¶¶ 1-5.

The Government served notice of the action through three different means. *First*, on June 14, 2021, the Government posted a notice of Civil Forfeiture on an official government website (www.forfeiture.gov). Declaration of Dan G. Boyle ("Boyle Decl."), Dkt. 19-1 ¶ 3. The notice remained in place for at least 30 consecutive days. *Id. Second*, on June 28, 2021, U.S. Marshals Service effected service of process of the notice on the Defendant Property by posting it there. *Id.* ¶ 4. *Third*, on June 24, 2021, the Government served notice of the Complaint through certified mail on two known potential claimants -- Melvin Huges, Trustee of the Bandele Trust ("Huges") and Patricia Morris, Trustee of the Modupe Trust ("Morris"). *Id.* ¶¶ 5-6. The service was made at each of their respective last known addresses. *Id.* The certified mail return receipts for both claimants were returned as unclaimed. *Id.*; Dkt. 19-4 at 4; Dkt. 19-5 at 4.

No other potential claimant ever filed a claim. Boyle Decl., Dkt. 19-1 ¶ 14.[1] On September 27, 2021, the Clerk of Court entered default as to the interests of Huges, Morris and all other potential claimants. Dkt. 17. On December 9, 2021, the Government filed a Motion for Default Judgment Against the Interests of Melvin Huges, Patricia Morris, and All Other Potential Claimants (the "Default Judgment Motion"). Dkt. 19. No opposition was filed, and the Default Judgment Motion was granted on June 28, 2018. Dkt. 24. Final default judgment was entered on July 13, 2023. Dkt. 26. On August 29, 2023, the default

---

[1] On August 6, 2021, the Government filed a Notice of Receipt of Potential Claimant Documents that attached a document styled as a "counterclaim" that Huges had sent to the Government. Dkt. 10. In light of Huges' *pro se* status, the Government construed the document as a motion to dismiss. *Id.* The order granting the Government's Motion for Default Judgment confirmed that the Counterclaim "did not constitute a claim pursuant to Supplemental Rule G(5)." Dkt. 24 at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-04569 JAK (KLSx) | Date | October 2, 2023 |
| Title | United States of America v. Real Property Located in Malibu, California | | |

judgment was amended to include a complete description of the Defendant Property. Dkt. 28.

On August 30, 2023, claimant Morris filed a *pro se* Motion to Vacate Default Judgment (the "Morris Motion) on behalf of the Modupe Trust. Dkt. 29. On September 7, 2023, the Government filed an opposition to the Morris Motion. Dkt. 32. On September 7, 2023, claimant Huges filed a *pro se* Motion for Summary Adjudication (the "Huges Motion") on behalf of the Bandele Trust. Dkt. 33.[2] On September 14, 2023, the Government filed an opposition to the Huges Motion. Dkt. 36.

For the reasons stated in this Order, both the Morris Motion and the Huges Motion are **DENIED.**

**II.    Factual Background**

The Complaint alleges that the IRS Scheme Development Center identified a fraudulent return scheme that operated "between at least 2018 through 2020." Dkt. 1 ¶ 10. It alleges that the perpetrators of the scheme submitted more than 20 fraudulent tax returns that claimed at least $210,166,675 in tax refunds. *Id.* The Complaint alleges that, as a direct result of the fraudulent returns, the IRS deposited approximately $13,763,934.23 in unearned tax refunds into bank accounts controlled by the perpetrators of the scheme. *Id.* ¶ 14. The Complaint alleges that funds from those bank accounts were used in November 2019 to purchase, among other assets, the Defendant Property. *Id.*

Based on these allegations, the Complaint alleges that the Defendant Property constitutes, or is derived from, proceeds traceable to violations of 18 U.S.C. §§ 641, 1341, and 1343, which are specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1). *Id.* ¶ 34. The Complaint further alleges that the Defendant Property was the subject of multiple transactions or attempted transactions in violation of 18 U.S.C. § 1957, or property traceable to such property, which are specified unlawful activities as defined in 18 U.S.C. §§ 641, 1341, 1343. *Id.* ¶ 35. For these reasons, the Complaint alleges that the Defendant Property is subject to forfeiture under 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C). *Id.* ¶¶ 34-35.

**III.    Analysis**

      A.    Legal Standards

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Accordingly, Fed. R. Civ. P. 60(b) permits a party to seek relief from default judgment for six reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud ... by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied ...; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see* Fed. R. Civ. P. 55(c) ("The court may set aside a final default judgment under Rule 60(b).")

When a defendant seeks relief pursuant to Fed. R. Civ. P. 60(b), three factors are considered: "(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant]

---

[2] Both of these motions are procedurally defective because, pursuant to L.R. 83-2.2.2, a trust must be represented by an attorney. Neither Morris nor Huges is an attorney. *Attorney Search*, State Bar of California, https://apps.calbar.ca.gov/attorney (last visited Sept. 29, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-04569 JAK (KLSx) | Date | October 2, 2023 |
|---|---|---|---|
| Title | United States of America v. Real Property Located in Malibu, California | | |

had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). "As these factors are disjunctive, the district court [is] free to deny the motion 'if any of the three factors [is] true.' " *Id.* at 926 (quoting *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)).

When determining whether to set aside a default after final judgment has been entered, the test that applies is the same that would apply before the entry of final judgment. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 n.1 (9th Cir. 2010). However, "the test is [less] liberally applied" when final judgment has already been entered because "there is [an] interest in the finality of the judgment with which to contend." *Id.*

    B.    Application

        1.    <u>Morris Motion</u>

            a)    Culpable Conduct

The Ninth Circuit has "typically held that a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Mesle*, 615 F.3d at 1092 (quotations and citation omitted). A "movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.' " *Id.* (citation omitted).

It is undisputed that the Modupe Trust failed to respond following service. On June 28, 2021, the Government delivered to the Defendant Property a copy of the Complaint and a notice letter setting forth all applicable deadlines in this matter. The Morris Motion, in confirming that the "Modupe Trust owns and resides at the [Defendant Property]," establishes that this service was sufficient. Dkt. 29. Moreover, the Government individually served Huges and Morris by certified mail and publicly recorded a *lis pendens* on the Defendant Property. Dkt. 4. Notwithstanding these notices, the Modupe Trust, along with all other claimants in this matter, failed to file a claim or answer. Dkt. 32 at 5.

The Modupe Trust alleges that its failure to respond is because it was "not aware of the forfeiture proceedings until after the order of forfeiture was entered." Dkt. 29. As the Government argues, it is difficult to reconcile the Modupe Trust's allegation that it was ignorant of this action for more than two years with the fact that it filed a motion to set aside default Judgment within roughly six weeks of its issuance. Dkt. 32 at 14-15. However, pro se litigants may be "ignoran[t] of technical procedural requirements," which is something that courts may consider in connection with a default process. *Bump Babies Inc. v. Baby the Bump, Inc.*, No. CV-09-6747-GHK, 2010 WL 11526881, at *2 (C.D. Cal. July 30, 2010). Moreover, there is no evidence that the actions of, or failures to act by, the Modupe Trust in this matter were "devious, deliberate, willful, or [in] bad faith." *Mesle*, 615 F.3d at 1092 (quotations and citations omitted). For this reason, and solely for the purpose of considering the present motions with respect to whether the default judgment should be set aside for procedural reasons, it is assumed that the Modupe Trust did not engage in culpable conduct in failing timely to respond. This is not a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-04569 JAK (KLSx) | Date | October 2, 2023 |
|---|---|---|---|
| Title | United States of America v. Real Property Located in Malibu, California | | |

determination as to the underlying, alleged conduct.

        b)        Meritorious Defense

"A party in default . . . is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." *Hawaii Carpenters' Trust Funds*, 794 F.2d at 513 (citation omitted). "The underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Id.* (citation omitted). The Ninth Circuit has explained that "the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default." *Mesle*, 615 F.3d at 1094 (alteration, citations, and quotations omitted).

The Modupe Trust does not state any meritorious defense. Construing the Morris Motion broadly because it was filed by an individual who is not an attorney, it could be interpreted to assert an innocent ownership defense under 18 U.S.C. § 983(d)(3)(A). This is based on the claim that the Modupe Trust had no knowledge of criminal activity regarding the Defendant Property. Dkt. 29 at 2. However, the Modupe Trust cannot qualify as an innocent owner. It has not shown that it is a bona fide purchaser because it allegedly received the property as a "bonafide gift" for which it paid "nothing in return." Dkt. 29 at 7; *see* 18 U.S.C. § 983(d)(3)(A) (showing status as a bona fide purchaser is a necessary element in order to assert the affirmative defense of innocent ownership). The Morris Motion does not make any other allegations that proffer a credible assertion of a meritorious defense.

        c)        Prejudice

There will be prejudice to the Government if the judgment is set aside. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case.... [M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). Here, costs and fees have been incurred in the default process. Further, the Defendant Property has continued to accrue California state property taxes since the start of this action more than two years ago. Dkt. 32 at 15. Those costs, which will continue to increase if the action is prolonged, will limit the net amount that the Government can recover through the forfeiture and sale of the Defendant Property. *Id.* Therefore, if the judgment is set aside, the prejudice to the Government will amount to more than a delay in the resolution of its claims.

        d)        Weighing of the Factors

A balancing of the applicable factors shows that the Morris Motion should be denied.

        2.        <u>Huges Motion</u>

The Huges Motion, which is designated as a motion for summary adjudication, seeks an order to "vacate this case" because, in separate correspondence, IRS agents have allegedly falsely impersonated Huges by misspelling his last name. Dkt. 33 at 2. If broadly construed given that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-04569 JAK (KLSx) | Date | October 2, 2023 |
|---|---|---|---|
| Title | United States of America v. Real Property Located in Malibu, California | | |

Bandele Trust is not represented by counsel, the Huges Motion can be deemed one to set aside the judgment. *Id.* That request is denied for two primary reasons.

*First*, Huges affirmatively represents in the Huges Motion that "[he] swear[s] under penalty of perjury that [he] ha[s] no legal interest at [the Defendant Property]." Dkt. 33 at 22. Based on that declaration, Huges lacks standing to contest forfeiture because he is without any claim to the Defendant Property. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012) (claimants in civil forfeiture actions must satisfy the injury in fact requirement for Article III standing by "showing that they have a colorable interest in the property, which includes an ownership interest or a possessory interest") (internal quotations and citations omitted); *see also United States v. Real Prop. Located at 5208 Los Francisco Way, Los Angeles, Cal.*, 385 F.3d 1187 (9th Cir. 2004).

*Second*, even if Huges had standing to bring his motion, there is no compelling argument to support the request to set aside the final judgment. The Bandele Trust failed to respond notwithstanding service. As noted earlier, solely for the purpose of considering this motion with respect to whether the default judgment should be set aside for procedural reasons, it is assumed that the Bandele Trust did not engage in culpable conduct in failing timely to respond. This is not a determination as to the underlying, alleged conduct. However, the Bandele Trust has raised no meritorious defense to this action. Moreover, for the same reasons stated above as to the Morris Trust, the Government will be prejudiced if the final judgment is set aside.

A balancing of the applicable factors shows that the Huges Motion should be denied.

**IV.    Conclusion**

For the reasons stated in this Order, both the Morris Motion and the Huges Motion are **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    tj