E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
DAN G. BOYLE (Cal Bar No. 332518)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2426
    Facsimile: (213) 894-0142
    E-mail: Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-CV-04569-JAK-KS |
|---|---|
| Plaintiff, | RESPONSE TO MOTION TO STAY; MEMORANDUM OF POINTS OF AUTHORITIES |
| v. | |
| REAL PROPERTY LOCATED IN MALIBU, CALIFORNIA, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Dan G. Boyle, and pursuant to this Court's order dated October 19, 2023, ECF No. 52, hereby files its Opposition to Movant Melvin Huges' Motion to Stay this action (the "Motion"), as well as associated recently-filed documents. See ECF Nos. 47, 48, 50, 51.

//

This Opposition is based upon the attached Memorandum of Points and Authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: October 25, 2023		Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant U.S. Attorney
Chief Asset Forfeiture and
Recovery Section

         /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff United States of America ("Plaintiff" or the "government") respectfully submits this memorandum of points and authorities in opposition to the Motion to Stay filed by Melvin Louis Huges ("Huges") on behalf of the Bandele Trust ("Bandele") filed on October 12, 2023. See ECF Nos. 48, 50. As detailed herein, Huges is not a claimant in this action and this Court has already recognized that he cannot have standing to contest forfeiture – and even if he did, his proffered basis for the Motion is frivolous.

**II.  BACKGROUND**

On September 7, 2023, Huges, on behalf of Bandele, moved this Court for "Summary Adjudication," effectively seeking to dismiss this action. See ECF No. 33. On October 2, 2023 the Court denied Huges' motion (the "October 2 Order") holding that, based on Huges' declaration attached to his motion, "Huges lacks standing to contest forfeiture because he is without any claim to the Defendant Property." ECF No. 41, at 5.

On October 12, 2023, Huges, again on behalf of Bandele, filed the instant Motion to stay this action, and the next day, exhibits in support of that Motion. See ECF Nos. 48, 50.

**III. ARGUMENT**

The Court should deny the Motion for any of four independent reasons:

First, Huges cannot file a motion to stay this action, because he is not a claimant. As the Court recognized in the October 2 Order, (ECF No. 41, at 5), Huges has never filed a claim, and in a civil

forfeiture action, the defendant is the property and a claimant intervenes in that action by the filing of a claim.

Second, as this Court has previously recognized, Huges cannot have standing to contest forfeiture, because he has previously represented that "I swear under penalty of perjury that I have no legal interest at real property 23301 W. Pompano Malibu CA. 91710." ECF No. 33, at 22 (Huges Aff. ¶ 5). A putative-claimant who disclaims any interest in the defendant property cannot oppose forfeiture. See <u>United States v. Real Prop. Located at 5208 Los Franciscos Way, Los Angeles, Cal.</u>, 385 F.3d 1187, 1193 (9th Cir. 2004) ("The substantive merits of the government's forfeiture action—whatever they may be—cannot be challenged by a claimant lacking a sufficient interest in the defendant property to confer Article III standing"). The Court has already held that Huges has disclaimed any interest here (ECF No. 41, at 5), so the Court need not consider any motion by a party that cannot possibly have standing to contest forfeiture here.

Third, There is nothing to "stay" at this point. This action has concluded: the Court issued a judgment by default, the Modupe Trust moved to vacate that judgment, the Court denied that motion, and no appeal has been noticed. In short, all that remains is for the government to execute the Court's judgment, so there are no pending proceedings to stay.

Fourth and finally, Huges has not offered any colorable ground for a stay. Huges' Motion requests a stay on only one ground: purportedly to coordinate between this action and a poorly-defined other action, identified as "17-cv-4569," which he described as "related." <u>See</u> ECF No. 50, at 2. But a review of the ECF system shows that C.D.Cal. Case No. 17-cv-4569 was closed in 2017, and neither

1  Huges nor Bandele was a party to that action. Huges fails to explain
2  how this action could be related to the instant case, and in any
3  event, Huges's primary concern again appears to be that IRS agents
4  have not addressed him in the manner of his choosing – spelling his
5  last name of "Hughes" rather than "huges" [spelling from original]
6  (see, e.g., ECF No. 50, at 5). But as explained in prior motion
7  practice (see ECF No. 36, at 4-5), none of this is relevant to this
8  action, nor would it change the outcome of this case. At no point has
9  Huges or Bandele ever denied the allegations of the Complaint. See
10 October 2 Order, at 5. Even if the Court were to accept Huges' legal
11 sleight-of-hand argument that he is "not the perpetrator MELVIN
12 HUGHES residing at 23301 W. Pompano St. in Malibu, CA" (ECF No. 50,
13 at 5), this is simply irrelevant in a forfeiture action *in rem*, where
14 the defendant is the property. The question for the Court – which
15 neither Huges nor Bandele has ever denied – was whether the defendant
16 property was purchased with criminal proceeds, not what name Huges
17 choses to go by. The Court recognized as much in the October 2 Order.
18 //
19 //

3

**IV. CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that this Court deny the Motion.

Dated: October 25, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant U.S. Attorney
Chief Asset Forfeiture and
Recovery Section

        /s/
DAN G. BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

4